

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

REBECCA WEBB                                    CIVIL ACTION NO: 12-1301

VERSUS                                          JUDGE DONALD E. WALTER

STATE OF LOUISIANA, DEPARTMENT                  MAGISTRATE JUDGE KIRK
OF CORRECTIONS AND DEVELOPMENT,
ARLENA MCDONALD, AND JAMES M.
LEBLANC IN HIS OFFICIAL CAPACITY

## ORDER

Pursuant to this Court's prior Order, dated March 31, 2014, granting in part and denying in part Defendants' Motion for Summary Judgment [Doc. #15], the Defendants were granted leave to re-urge their motion as it pertains to the remaining claims. [*See* Doc. #37]. In accordance therewith, the Defendants have provided supplemental briefing to the Court [Docs. ## 39 and 51] and re-urged their motion for summary judgment [*See* Doc. #51, p. 2]. Plaintiff has likewise filed a supplemental response in opposition to summary judgment [Doc. #58]. Upon due consideration and finding that genuine issues of material fact remain, the re-urged motion for summary judgment [Doc. #15] is hereby **DENIED** as to Plaintiff's disability claims under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act, as well as Plaintiff's Title VII retaliation claim.

Defendants also move for summary judgment in favor of Defendant Arlena McDonald, seeking to have all remaining claims against her dismissed with prejudice. The Court agrees. "[T]itle VII does not permit the imposition of liability upon individuals unless they meet title VII's definition

of 'employer,'" and McDonald is not included in that definition. *See Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994). Similarly, "the weight of judicial authority supports the conclusion that individual defendants cannot be held liable for violation of Title II of the ADA." *Berthelot v. Stadler*, No. Civ. A. 99-2009, 2000 WL 1568224, at *2 (E.D. La. Oct. 19, 2000) (collecting cases); *see also Labit v. Landry*, 11-cv-0574, 2012 WL 1458108, at *2-3 (W.D. La. March 27, 2012) (collecting cases). And, finally, there is no basis for individual liability against McDonald under Section 504 of the Rehabilitation Act. *See Lollar v. Baker*, 196 F.3d 603, 608-09 (5th Cir. 1999). Accordingly, any and all claims against Defendant Arlena McDonald are hereby **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23 day of September, 2014.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE